**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4715**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN JEROME JORDAN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, District Judge. (1:07-cr-00258-TDS-2)

Submitted: July 13, 2010          Decided: August 18, 2010

Before WILKINSON, KING, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Carlyle Sherrill, III, SHERRILL & CAMERON, Salisbury, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Jerome Jordan pled guilty, pursuant to a plea agreement, to distribution of 57.66 grams of crack cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006) and 18 U.S.C. § 2 (2006). Prior to the plea hearing, the Government filed two notices of prior felony drug convictions pursuant to 21 U.S.C. § 851 (2006), but withdrew one of the notices prior to sentencing in accordance with the plea agreement. The district court sentenced Jordan to the statutory minimum of 240 months of imprisonment, ten years of supervised release, and a $100 special assessment. Jordan timely appealed.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court erred in sentencing Jordan to a longer term of imprisonment than he would have received for an equal quantity of powder cocaine, because application of the statutory mandatory minimum violated Jordan's due process rights. In his pro se supplemental brief, Jordan argues that the district court erred in using his 1993 juvenile conviction to increase his statutory sentencing range, and that his plea was involuntary because the court failed to explain how this conviction would increase his sentence. He also asserts that the court erred in using six state misdemeanor convictions to increase his criminal

2

history score, and that the court's disregard of the gross disparity between crack and powder cocaine sentences was an abuse of discretion.  The Government declined to file a brief.

The constitutionality of a federal statute is a question of law that is reviewed de novo.  United States v. Buculei, 262 F.3d 322, 327 (4th Cir. 2001).  We repeatedly have rejected claims that the sentencing disparity between powder cocaine and crack offenses violates either equal protection or due process.  See United States v. Perkins, 108 F.3d 512, 518-19 & n.34 (4th Cir. 1997) (citing cases); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996) (en banc).  To the extent that Jordan seeks to have this court reconsider these decisions, a panel of this court cannot overrule the decision of a prior panel.  United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005).

Counsel acknowledges that this court has rejected the due process argument he asserts, but contends that these precedents should be reconsidered in light of the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85 (2007).  In Kimbrough, however, the Supreme Court did not analyze the statutory minimum sentences for crack cocaine offenses, but rather held that a district court may consider the crack-powder disparity in the Sentencing Guidelines as a basis for imposing a lesser sentence in a crack cocaine case.

3

Kimbrough, 552 U.S. at 109-11. The Court also stated that "as to crack cocaine sentences in particular, we note a congressional control on disparities: possible variations among district courts are constrained by the mandatory minimums Congress prescribed in the 1986 Act." Id. at 108. "[A] district court has no discretion to impose a sentence outside of the statutory range established by Congress for the offense of conviction," unless the Government moves for a departure based on the defendant's substantial assistance. United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005). In this case, the Government did not move for a departure, and thus the statutory minimum applied. Our review of the record leads us to conclude that the district court properly imposed the statutory minimum twenty-year sentence, which is reasonable. See United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008) ("A statutorily required sentence . . . is per se reasonable.").

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We have considered the arguments asserted in Jordan's pro se supplemental brief and conclude they do not entitle him to relief. We therefore affirm Jordan's conviction and sentence. This court requires that counsel inform Jordan, in writing, of the right to petition the Supreme Court of the United States for further review. If Jordan requests that a petition be filed,

but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jordan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED